IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02360–RPM–KMT

ANTOINETTE SANCHEZ,

    Plaintiff,

v.

THOMAS, THOMAS, WICHTERMAN & ASSOCIATES, LLC,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion to Amend Complaint." (Doc. No. 27, filed Jan. 13, 2012 [Mot.].) In her Motion, Plaintiff seeks to abandon her state statutory claim for relief—specifically, her claim for violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101 *et seq.* (hereinafter "CFDCPA claim"). (*See* Compl. ¶¶ 48-72, Doc. No. 1, filed Sept. 8, 2011.) "Defendant's Response to Plaintiff's Motion to Amend Complaint" (Doc. No. 29) was filed on February 3, 2012. Pursuant to Fed. R. Civ. P. 6(d) and D.C.COLO.LCivR 7.1C, Plaintiff had until February 20, 2012 to file a reply. No reply was filed by, or at any time after, that date. Accordingly, this matter is ripe for the court's review and ruling. *See also* D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend

the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendant does not appear to oppose Plaintiff's Motion *per se.* Rather, Defendant argues that, as a condition of granting Plaintiff leave to abandon her CFDCPA claim, Defendant should be awarded its reasonable costs and attorneys fees to date. In support of this position, Defendant points out that, unlike the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, which allows for an award of attorneys' fees only to a prevailing plaintiff, the CFDCPA permits an award of attorneys' fees and costs to a prevailing party. Defendant suggests that the potential that Defendant could be awarded costs and fees under the CFDCPA is the likely reason that Plaintiff seeks to abandon this claim. As such, Defendant maintains that it will be

prejudiced because Defendant has defended this case with the belief that it may recover reasonable costs and fees under the CFDCPA.

The court begins with the premise that Plaintiff is the "master of her complaint" and should be permitted to abandon claims where she calculates it to be in her best interests and where it is consistent with Rule 15(a)(2). Thereafter, the court finds that it would unfairly prejudice *Plaintiff* to award fees and costs as a condition precedent to granting leave to abandon her CFDCPA claim. Defendant maintains that it proceeded with written discovery and took Plaintiff's and her husband's depositions. However, Defendant acknowledges that Plaintiff's claims under the CFDCPA and the FDCPA are "duplicative in most respects." (Resp. at 2.) Consequently, to grant Defendant its fees and costs to date would afford Defendant a windfall, as the discovery conducted to date was undoubtedly targeted at *both* her CFDCPA and FDCPA claims. In other words, Defendant would effectively get a free-ride, at Plaintiff's expense, for discovery that it will still use to defend against Plaintiff's FDCPA claim.

Additionally, the court notes that the case cited by Defendant in support of its request for fees and costs provides that the court may impose costs and fees "pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred *because the original pleading was faulty.*" *General Signal Corp. v. MCI Telecommunications Corp.,* 66 F.3d 1500, 1514 (9th Cir. 1995) (emphasis added; citations omitted). Here, there has been no showing that Plaintiff's CFDCPA claim was somehow deficient. Rather, Plaintiff has simply made a calculated decision to abandon her claim, perhaps, as Defendant speculates, because of her fear of the disparate fee-shifting provisions of the

CFDCPA and the FDCPA. Additionally, although the court acknowledges that Defendant does not so argue, there is no authority for the proposition that Defendant is somehow a prevailing party, within the meaning of the CFDCPA, simply because Plaintiff seeks to voluntarily abandon her CFDCPA claim. *See* Colo. Rev. Stat. § 12-14-113.

Finally, the court notes that, at the time that Plaintiff filed her Motion, this case was in its relative infancy. A Scheduling Order was issued on December 6, 2011 (Doc. No. 21) and Plaintiff filed her Motion only a little over a month thereafter. Moreover, Plaintiff's Motion was filed well within the deadline for amending the pleadings set forth in the Scheduling Order. (*See id.* at 5.) Thus, this case does not present the scenario where a plaintiff baited the defendant with the prospect of recovering fees until late in the action, only to seek to abandon a CFDCPA claim on the eve of trial.

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion to Amend Complaint" (Doc. No. 27) is GRANTED without the imposition of any condition precedent of an award of costs and fees as suggested by Defendant. The clerk of court shall file "Plaintiff's First Amended Complaint" (Doc. No. 27-1).

Dated this 2nd day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge